PEOPLE v WRIGHT

Docket No. 82640. Submitted December 11, 1985, at Grand Rapids.—
  Decided February 5, 1986. Leave to appeal denied, 425 Mich —.
Defendant, Gregory Adam Wright, was convicted of felonious
  assault by a jury in Presque Isle Circuit Court. The circuit
  court, Joseph P. Swallow, J., sentenced defendant to one year
  in the county jail, the first six months to be served immediately
  with the balance at the court's discretion, and ordered the
  payment of $200 in court costs. Defendant appealed. *Held:*
    1. The trial court did not err by examining a 12-year-old
  witness in front of the jury as to his competency to testify.
    2. Defendant did not object in the trial court to the admission
  of rebuttal testimony about which he claimed error. Therefore,
  the Court of Appeals declined to consider that claim of error.
    Affirmed.

WITNESSES — CHILDREN — COMPETENCY.
    A trial judge may properly conduct an examination either in
  chambers or in front of the jury to determine whether a child
  is competent to testify as a witness.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Donald J. McLennan,*
Prosecuting Attorney, and *Jann Ryan Baugh,* As-
sistant Attorney General, for the people.

State Appellate Defender, (by *Karla K. Good-
man),* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and N. J.
KAUFMAN,* JJ.

REFERENCES
Am Jur 2d, Witnesses §§ 88-93.
Admissibility as evidence in civil cases of admissions by infants. 12
  ALR3d 1051.
See also the annotations in the ALR3d/4th Quick Index under
  Witnesses.

PER CURIAM. Defendant was convicted by a jury of felonious assault, MCL 750.82; MSA 28.277. Defendant appeals and we affirm.

Defendant claims that the trial court erred by examining a 12-year-old witness as to his competency in front of the jury. Defendant has not cited any authority for his proposition nor have we found any authority in his favor.

*People v Washington,* 130 Mich App 579; 344 NW2d 8 (1983), held that it was not error for a judge to examine a child in his chambers to determine the child's competency.

We hold that it was not error for the judge to examine the child witness in front of the jury to determine the child's competency to testify.

Next, defendant claims that the court erred in allowing improper rebuttal testimony. Defendant did not object to the rebuttal testimony in the trial court and we will not consider such objections on appeal.

Affirmed.

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.